WGL Midstream MP, LLC v Meade Pipeline Inv., LLC (2024 NY Slip Op 06320)

WGL Midstream MP, LLC v Meade Pipeline Inv., LLC

2024 NY Slip Op 06320

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 656507/22 Appeal No. 3275 Case No. 2023-06744 

[*1]WGL Midstream MP, LLC, et al., Plaintiffs-Appellants-Respondents,
v
Meade Pipeline Investment, LLC, Defendant-Respondent-Appellant, Citibank, N.A., as Escrowee, Defendant.

Orrick, Herrington & Suitcliffe LLP, New York (Thomas N. Kidera of counsel), for appellants-respondents.
Locke Lord LLP, New York (Jeffrey S. Kramer of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 20, 2023, which denied plaintiffs' motion and defendant Meade Pipeline Investment, LLC's cross-motion for summary judgment, unanimously modified, on the law, to grant plaintiffs' motion and award plaintiffs attorneys' fees in an amount to be determined, and otherwise affirmed, without costs.
Plaintiffs are not obligated under the subject Purchase and Sale Agreement (PSA) to indemnify defendant Meade Pipeline Investment, LLC (Meade) for the "Welded Claims" because these claims "remain[ed] in controversy as of the Final Indemnity Escrow Release Date." It is undisputed that the Welded litigation is ongoing, the Welded Claims are unresolved, and the settlement agreement purporting to resolve Meade's liability for these claims has terminated.
Meade contends that the sole reason the Welded Claims remained in controversy past the Final Indemnity Escrow Release Date and the Settlement Agreement terminated was that plaintiffs unreasonably withheld or delayed their consent to the settlement in breach of the PSA. However, plaintiffs could not use this as a basis to circumvent their indemnification obligations. It is clear as a matter of law that plaintiffs did not unreasonably withhold or delay consent. Even if a request for consent was implicit in Meade's Claim and Indemnification Notices, the notices did not include information sufficient to enable plaintiffs to assess the reasonableness of the settlement.
Plaintiffs never denied Meade's claim. They merely requested additional information and documentation, which Meade failed to provide. The request was reasonable, as plaintiffs were not required to credit Meade's representation as to the existence and terms of a valid and binding settlement. Although plaintiffs' initial request for more information was virtually immediate, Meade failed to provide a sufficient and timely response. Even if plaintiffs' initial, informal request is ignored, their formal Counter Indemnification Notices were sent only 19 days later — well within the 30 days afforded them by the Escrow Agreement to respond to an Indemnification Notice.
Insofar as plaintiffs are the prevailing parties in this dispute, they are entitled to attorneys' fees under § 11.11(a) of the PSA (see e.g. Community Counseling & Mediation Servs. v Chera, 115 AD3d 589, 590 [1st Dept 2014]).
In view of our disposition of these issues, we need not reach the parties' arguments regarding the significance of the fact that the Welded litigation was ongoing when the subject settlement agreement was executed or the appropriate measure of damages for Meade's breach of contract counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024